09-1958-cr
United States v. Simmons

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of June, two thousand and ten.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                     *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                                    *Appellee,*

        -v-                                          (09-1958-cr)

RANSY SIMMONS,[1]

                                    *Defendant-Appellant.*

_____

Appearing for Appellant::    Randall D. Unger, Bayside, NY.

Appearing for Appellee:     Richard M. Tucker, Assistant United States Attorney for the
                            Eastern District of New York, Brooklyn, NY.

        Appeal from the United States District Court for the Eastern District of New York  (Spatt, *J.*).

---

[1] The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Ransy Simmons appeals a May 1, 2009 judgment of the United States District Court for the Eastern District of New York (Spatt, J.) convicting him, pursuant to a guilty plea, of distribution and possession with intent to distribute at least five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B)(iii), and sentencing him to 120 months' imprisonment and 4 years' supervised release. On appeal, appellant asserts that his sentence was procedurally and substantively unreasonable, and, therefore, that his sentence should be vacated and the matter remanded to the district court for resentencing. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review sentences for reasonableness. *See United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008). This standard applies "both to 'the sentence itself' and to 'the procedure employed in arriving at the sentence.'" *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2006) (quoting *United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir. 2006)). When reviewing a sentence, we "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence - including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). Second, we conduct a substantive review by evaluating "the length of the sentence imposed in light of the factors enumerated under 18 U.S.C. § 3553(a)." *United States v. Villafuerte*, 502 F.3d 204, 206 (2d Cir. 2007).

Here, we conclude that the district court's sentence was both procedurally and substantively reasonable. Simmons argues that by calculating a higher adjusted offense level than the one provided by the government in the plea agreement, the district court "breached" the agreement. However, it is well-settled that "plea agreements are contractual in nature" and "are construed according to contract law principles." *United States v. Pollack*, 91 F.3d 331, 334-35 (2d Cir. 1996) (internal quotation marks omitted). The district court was not a party to the contract and, therefore, could not have breached the agreement.

Moreover, both the plea agreement and the district court warned Simmons many times that the court was not bound by the government's calculation of the adjusted offense level and that it could be much higher than the "estimate" in the plea agreement. Before accepting his guilty plea, the district court explicitly told Simmons that he could be sentenced to up to 40 years' imprisonment. Simmons decided to plead guilty despite these warnings. Thus, Simmons could not have developed a "reasonable understanding and expectation" that he would be sentenced according to the calculations in the plea agreement.

Simmons also argues that the district court failed to recognize that it had discretion to consider the crack/powder cocaine sentencing disparity in determining his sentence. *See United States v. Regalado*, 518 F.3d 143, 148 (2d Cir. 2008). Review of the transcript, however, reveals that the district court was fully aware that it could depart from the Guidelines, but decided that a

2

reduction was not warranted in Simmons's case because of his extensive criminal history. We find no error in the district court's analysis.

Finally, Simmons argues that the district court "could have and should have" taken into account his "long-term addiction to drugs." However, the district court does not abuse its discretion simply because it "d[oes] not expressly parse or address every argument relating to [the § 3553(a)] factors." *Fernandez*, 443 F.3d at 30. "The weight to be afforded any given argument made pursuant to one of the § 3553(a) factors is a matter firmly committed to the discretion of the sentencing judge and is beyond [appellate] review, as long as the sentence ultimately imposed is reasonable in light of all of the circumstances presented." *Id*. at 32.

Here, the district court sentenced appellant to the bottom of the correctly-calculated Guidelines range. Although a sentence within the applicable Guidelines range is not presumptively reasonable, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Id*. at 27. With the appellant's criminal history, including 13 convictions and 11 other arrests, that is certainly the case here.

Accordingly, the judgment of the district court hereby is AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk